EVERETT A. CHANDLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Chandler v. Commissioner
Docket No. 26425-91
United States Tax Court
T.C. Memo 1993-512; 1993 Tax Ct. Memo LEXIS 523; 66 T.C.M. (CCH) 1214; November 9, 1993, Filed *523 Decision will be entered under Rule 155. Everett A. Chandler, pro se. J. Scott Broome, for respondent. GUSSIS
GUSSIS
MEMORANDUM OPINION GUSSIS, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181 and 182. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined a deficiency in petitioner's 1987 Federal income tax in the amount of $ 3,104 and additions to tax under section 6651(a) in the amount of $ 182 and under section 6653(a)(1)(A) and (B) in the amounts of $ 294 and 50 percent of the interest due on $ 3,026, respectively. The issues for decision are: (1) Whether petitioner received unreported Schedule C income of $ 8,153.78; (2) whether petitioner is subject to additional self-employment tax pursuant to section 1401; (3) whether petitioner is entitled to Schedule C deductions in amounts greater than those conceded by respondent; (4) whether petitioner is entitled to Schedule A deductions in amounts greater than those conceded by respondent; (5) whether petitioner is liable for a section *524 6651(a) addition to tax; and (6) whether petitioner is liable for the section 6653(a)(1)(A) and (B) additions to tax for negligence. Some of the facts have been stipulated and they are so found. The stipulation of facts and attached exhibits are incorporated by this reference. At the time the petition herein was filed petitioner resided in Cleveland, Ohio. Petitioner was an attorney in 1987. He reported gross income of $ 25,000 on Schedule C of the joint return filed with his wife. Respondent determined that petitioner had additional Schedule C income in the amount of $ 8,153.78. Petitioner has the burden of showing that respondent's determination is incorrect. Rule 142(a). Section 446(b) grants to respondent the authority to recompute a taxpayer's income if the method used by the taxpayer in determining his other taxable income does not clearly reflect income. Pursuant to the authority granted in section 446(b), respondent used the bank deposit method of calculating income and determined that petitioner received additional Schedule C income of $ 8,153.78. The bank deposit method is an acceptable method for recomputing income. Parks v. Commissioner, 94 T.C. 654, 658 (1990). *525 Petitioner argues generally that the $ 8,153.78 is not income, but rather represents campaign contributions he received and used for campaigning during a bid for a Cleveland Municipal Court judgeship. He also contends in a conclusory manner that some portion of this amount represented proceeds generated in the course of his law practice. Taxpayers are required to keep records sufficient to determine their income tax liability. Sec. 6001. Petitioner, however, offered no documentation whatsoever to substantiate his arguments. With respect to the purported campaign contributions, he testified that he could not find his records for 1987, and that he was unable to obtain documentation from the County Board of Elections verifying the amount of campaign contributions he received. Petitioner gave no persuasive explanation for his inability to obtain his campaign records from the County Board of Elections. Under these circumstances, we are not required to accept petitioner's uncorroborated self-serving testimony, Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). On this record, we find that petitioner received additional unreported Schedule C income in *526 1987 in the amount of $ 8,153.78. Respondent is sustained. Respondent disallowed Schedule A miscellaneous expenses claimed by petitioner in the amount of $ 3,784.75. Petitioner offered no persuasive evidence with respect to an item of $ 81 included in miscellaneous expenses. Respondent is therefore sustained as to this item. The remaining disallowed deductions of $ 3,703.75 include an expenditure of $ 203.75 attributable to petitioner's wife. The unreimbursed expenses consist of vehicle expenses and moneys expended for parking, tolls, and local transportation. Respondent concedes that the amount of $ 203.75 is deductible. Respondent maintains that petitioner has failed to substantiate the remaining $ 3,500 in unreimbursed employee expenses. For years after 1985, a deduction for transportation expenses is allowed only if the taxpayer meets the strict substantiation requirements of section 274(d). See Holmes v. Commissioner, T.C. Memo. 1993-387. To prevail, petitioner must substantiate each separate expenditure for the use of automobile and related transportation costs, the amount of business use and total use (i.e., mileage) of the automobile, *527 the date of the expenditure or use, and the business purpose for the expenditure or use. Sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). It is evident on this record that petitioner has failed to meet the requisite substantiation requirements with respect to his transportation costs. The only evidence introduced at trial to support petitioner's claim was a purported summary of automobile mileage (the summary). The summary contains a date, destination, and number of alleged miles driven. Petitioner testified that it was compiled on a weekly basis. Petitioner's testimony that the summary was prepared near the time of the alleged travel is self-serving and unconvincing. Accordingly, based upon the record presented, we find that petitioner has failed to substantiate his deduction of $ 3,500 in unreimbursed employee expenses. Respondent is sustained. Petitioner also claimed cash charitable contributions of $ 1,253.78 and noncash contributions of $ 485 on Schedule A of his return for a total of $ 1,738.78. Respondent concedes that petitioner is entitled to claim a Schedule A deduction for this item in the amount of *528 $ 1,323.75. Respondent maintains however that petitioner has failed to substantiate his claim to the remaining $ 415.03 in Schedule A deductions. Taxpayers must maintain records which are sufficient to substantiate claimed deductions and credits. Sec. 6001. Petitioner failed to present any records or any other persuasive evidence to substantiate his claim to additional Schedule A deductions for charitable contributions of $ 415.03. Accordingly, respondent's disallowance of $ 415.03 is sustained. Petitioner also claimed a deduction for charitable contributions in the amount of $ 1,350 on Schedule C of his 1987 tax return. At trial petitioner produced checks substantiating $ 574.44 in donations. Petitioner failed to produce any records to substantiate his claimed deduction of the remaining $ 775.56. Accordingly, respondent's disallowance of the remaining $ 775.56 in Schedule C deductions is sustained. Respondent's determination of increases in petitioner's self-employment tax liability, under section 1401 was a consequence of the above adjustments in petitioner's self-employment income. Our conclusion with respect to such adjustments is dispositive of this issue. Section *529 6651(a) provides for an addition to tax of up to 25 percent of the tax due to failure to file a Federal income tax return by its due date, unless such failure is due to reasonable cause and not due to willful neglect. Willful neglect has been interpreted as meaning a conscious, intentional failure or reckless indifference. United States v. Boyle, 469 U.S. 241, 246 (1985). A mere showing that the failure to file a return was not due to willful neglect is not sufficient to avoid the addition to tax. A taxpayer must also prove the presence of reasonable cause. Rembusch v. Commissioner, T.C. Memo. 1979-73. To prove reasonable cause a taxpayer must show that he exercised ordinary business care and prudence, but was nevertheless unable to file the return within the prescribed time. Crocker v. Commissioner, 92 T.C. 899, 913 (1989); sec. 301.6651-1(c)(1), Proced. and Admin. Regs. Petitioner's 1987 Federal income tax return was due on August 15, 1988. It was not filed until November 16, 1988, more than 3 months late. Petitioner appears to argue that because the 1987 return indicated that *530 a refund was due he should not be liable for the section 6651(a) addition to tax. The mere fact that the return indicated a refund rather than a tax due does not somehow obviate the clear statutory obligation to file a timely return. West Side Tennis Club v. Commissioner, 39 B.T.A. 149 (1939), affd. 111 F.2d 6 (2d Cir. 1940). Section 6653(a)(1)(A) provides for an addition to tax of 5 percent if any part of any underpayment of tax is due to negligence or disregard of rules or regulations. Section 6653(a)(1)(B) provides for an addition to tax in an amount equal to 50 percent of the interest payable under section 6601 with respect to the portion of the underpayment attributable to negligence. The term "negligence" as used in section 6653(a) includes any failure to make a reasonable attempt to comply with the provisions of the Code. Sec. 6653(a)(3). The failure to file a timely return is prima facie evidence of negligence. Emmons v. Commissioner, 92 T.C. 342, 349 (1989), affd. 898 F.2d 50 (5th Cir. 1990). In the absence of any persuasive evidence to support petitioner *531 on this issue, we find that petitioner is liable for the additions to tax under section 6653(a)(1)(A) and (B) for the year 1987. Respondent is sustained. Decision will be entered under Rule 155.